Ephriam Heath *v.* P. H. Beckham, et al.

**Land and Conveyances—Partition—Legal Title Holder—Parties.**

Where the legal title to land in contest is in one not a plaintiff nor defendant to the action, he cannot be concluded nor his title passed by the pleadings, proof, or judgment to which he was no party.

APPEAL FROM CALLOWAY CIRCUIT COURT.

December 6, 1868.

Opinion of the Court by Judge Robertson:

This case, as presented by the record, is scarcely intelligible. But enough appears to require a reversal of the judgment.

As the legal title to the land in contest seems to be in John O. Heath he could not be concluded nor his title passed by the pleadings, proof, or judgment to which he was no party. The conveyance by Ephriam Heath does not appear to have been made by John O. Heath, through Ephriam as his agent, nor was the agency proved or ever litigated. The judgment allotting the land among the contesting parties without making J. O. Heath a party was therefore erroneous and no legal title could vest in any of them by contract or judgment.

2. As the petition shows that the petitioner had sold all his interest to Gardner, the latter ought to have been plaintiff or co-plaintiff, and to entitle himself beneficially to any judgment he ought to have pleaded and claimed relief. In this respect also the judgment is erroneous; and Gardner, as well as Heath, may be deemed an appellant.

3. The contract imparts that Beckham and Curd were mere trustees to sell, and that in the event of a sale for not less than one dollar an acre, E. Heath was to have one-half of the proceeds and Beckham and Curd each one-fourth; and both Heath's petition in this case and Beckham's in another case seem so to understand the contract. But the trustees never sold the land, and therefore neither Curd nor Beckham seems to have been entitld to any beneficial interest in the land according to that contract. Yet Beckham sold to Covington for less than the one dollar per acre, the south-east quarter, and E. Heath sold to Gardner the north-

east quarter, each vendor claiming what he sold under a new contract or rather the original contract alleged to have been so intened, but otherwise expressed through mistake, offered to be corrected by an amended petition which the circuit court would not permit to be filed. In this state of case the deposition of the appellant Heath was admitted to prove that Beckham was entitled to one-half and Curd to nothing; and, as Heath had no interest in that question, he was so far a competent witness. He also testified that, by an agreement between himself and Beckham, he was to have the north-east quarter and Beckham was to have and might sell the south-east quarter, as he did to Covington. Nevertheless the judgment gave to Beckham an undivided half of both sections, to Curd one-fourth, and to the appellant Heath only one-fourth. This was erroneous, and especially in allotting to Heath only one-fourth. There is nothing to show how under the original contract, Curd acquired an equitable right to one-fourth of the land, nor how E. Heath, if ever entitled to any portion of it, could be reduced to one-fourth, nor how Beckham was entitled to any portion except by his oral contract with Heath waiving the sale of the trustees and conceding one-half of the land to Beckham which he has shown no legal authority to do, and which would moreover make Beckham's interest larger than Heath's petition represented.

4. It seems to us that the circuit court also erred in not permitting the amended petition to be filed, and in adjudging costs against appellant Heath.

Wherefore the judgment is reversed and the cause remanded for further proceedings, including the filing of an amended petition, pleading by Gardner, the making of J. O. Heath a party, and the taking of further proof, excluding the deposition of Beckham as incompetent to prove his viva interest.